UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES CLINTON,<br>    *Plaintiff,*<br><br>    v.<br><br>MARCO PEREZ, JOHN ALDI, DANIEL PAPOOSHA, DOMENICK PISANO, MERIDITH MINNOCCI, AND ANTONIO SANTIAGO,<br>    *Defendants.* | No. 3:19-cv-02010 (VAB) |

**RULING AND ORDER ON MOTION TO STIKE, MOTION TO SUBMIT EVIDENCE, AND MOTION FOR DEFAULT JUDGMENT**

James Clinton ("Plaintiff") has sued employees of the Connecticut Department of Correction: Marco Perez, John Aldi, Daniel Papoosha, Domenick Pisano, Meridith Minnocci, and Antonio Santiago (collectively, "Defendants") for alleged violations of his constitutional rights under both the United States Constitution and the Constitution of the State of Connecticut. Compl., ECF No. 1 (Dec. 26, 2019); Am. Compl., ECF No. 7 (July 13, 2020).

Since the filing of this action, Defendants have filed a motion for default judgment for failure to pay a security bond, Defs.' Mot. for Default for Failure to Post Security for Costs, ECF No. 16 (Sept. 3, 2020) ("Mot. for Default"), and a motion to dismiss the lawsuit in its entirety, Defs.' Mot. to Dismiss, ECF No. 17 (Sept. 4, 2020) ("Defs.' Mot. to Dismiss").

Mr. Clinton has responded to the motion to dismiss with a motion to strike, Pl. Mot. to Obj. & Strike Defs. Mot. to Dismiss, ECF No. 21 (Sept. 18, 2020) ("Mot. to Strike"), and a motion to submit evidence, Mem. in Supp. of Mot. to Submit Evidence, ECF No. 22 (Sept. 18, 2020) ("Mot. to Submit").

For the reasons stated below, Mr. Clinton's motion to strike Defendants' motion to dismiss is **DENIED**; Mr. Clinton's motion to submit evidence is **DENIED** without prejudice to renewal at a later stage of the litigation, if appropriate; and Defendants' motion for default judgment is **DENIED as moot**. The Court will address Defendants' pending motion to dismiss in a separate opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

On or around February 19, 2019, "[a]n interview was schedule[d] by the Department of Correction Security Division . . . pertaining to [Mr. Clinton's] off[-]duty conduct." Am. Compl. ¶ 11. Mr. Clinton allegedly began recording the interview, *id.* ¶ 14, and allegedly was told by Mr. Perez that "only [the] security division was allowed" to make recordings, *id.* ¶ 15. Mr. Perez allegedly also told Mr. Clinton "[he] would receive a copy of the interview at a later time." *Id.* When Mr. Clinton did not stop recording, "[t]he Department of Correction[] [H]ead of Security Division, Antonio Santiago[,] was [allegedly] summon[ed] to the office" where the interview was taking place. *Id.* ¶ 16.

Mr. Clinton allegedly "stated that he would cease from such activities . . . if [they] . . . were unlawful, illegal or against administrative policies." *Id.* ¶ 17. Defendants allegedly "fail[ed] to prove or provide" Mr. Clinton with evidence that any such laws or policies existed. *Id.* ¶ 18. Mr. Clinton allegedly asked if the Constitution applied and was allegedly told by Mr. Santiago and Mr. Perez that it did not. *Id.* ¶ 19. Mr. Clinton allegedly was "unwilling to cooperate . . . [and] was escorted out of the office to the lobby of the building." *Id.* ¶ 20.

He allegedly was "informed by members of the [local] union" that he would be "placed on administrative leave [until] further notice." *Id.* ¶ 21. Consequently, Mr. Clinton allegedly was

"forced against his will to [participate in the interview and] give statements pertaining to the investigation." *Id.* ¶ 22.

### B. Procedural History

On December 26, 2019, Mr. Clinton filed his initial Complaint against Defendants. Compl.

On July 13, 2020, Mr. Clinton filed an Amended Complaint. Am. Compl.

On September 3, 2020, Defendants filed a motion for default judgment for Mr. Clinton's failure to post a bond. Mot. for Default.

On September 4, 2020, Defendants filed a motion to dismiss Mr. Clinton's Amended Complaint. Mot. to Dismiss.

On September 18, 2020, Mr. Clinton filed a motion to strike Defendants' motion to dismiss. Mot. to Strike.

On the same day, Mr. Clinton also filed a motion to submit evidence. Mot. to Submit.

On September 24, 2020, Defendants filed an opposition to Mr. Clinton's motion to submit evidence, Defs.' Opp'n Mem. to Pl.'s Mot. to Submit Evid., ECF No. 25 (Sept. 24, 2020) ("Opp'n Evid."); an opposition to Mr. Clinton's motion to strike the motion to dismiss, Defs.' Opp'n Mem. to Pl.'s Mot. to Strike Their Mot. to Dismiss, ECF No. 26 (Sept. 24, 2020) ("Opp'n Strike"); and a reply in support of their motion to dismiss, Defs.' Reply Mem. in Supp. of Their Mot. to Dismiss, ECF No. 27 (Sept. 24, 2020).

On October 15, 2020, Mr. Clinton filed a notice of compliance, stating that he paid the requisite security costs. Notice, ECF No. 28 (Oct. 15, 2020) ("Compliance Notice").

3

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule [of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *See id.*

"When considering a motion to dismiss [under] Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting Sweet, 235 F.3d at 83). The court, however, may also resolve disputed jurisdictional issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

"When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint . . ., the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). "[A] defendant is [also] permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the [p]leading." *Id.* "In opposition to such a motion, the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Id.* (quoting *Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)).

### B. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

5

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

### C. Rule 12(f)

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Second Circuit has held that, when a court evaluates a Rule 12(f) motion, "it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation [that movant wishes to strike] would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial") (citing Fed. R. Civ. P. 12(f)); *Hudson's*

*Bay Fur Sales Canada, Inc. v. Scheflin-Reich, Inc.*, No. 90-CIV-8026 (RLC), 1991 WL 60377, at *1 (S.D.N.Y. Apr. 8, 1991) ("A motion to strike matter from a complaint as immaterial will be granted only if no evidence in support of the allegation would be admissible at trial.").

Motions to strike under Rule 12(f) "are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." *Corr. Officers Benevolent Ass'n of Rockland Cty. v. Kralik*, 226 F.R.D. 175, 177 (S.D.N.Y. 2005); *see also Gierlinger v. Town of Brant*, No. 13-CV-00370 AM, 2015 WL 3441125, at *1 (W.D.N.Y. May 28, 2015) ("Because striking a [part] of a pleading is a drastic remedy[,] motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted," (internal quotation marks and alterations omitted)). Furthermore, "[t]o the extent that Defendants' aim is to avoid unduly inflaming and prejudicing the jury," the court may take into account that "the Complaint will not be submitted to the jury." *Schutz v. Ne. Mortg. Corp.*, No. 3:05-CV-423(MRK), 2005 WL 1868888, at *1 (D. Conn. July 27, 2005) (internal quotation marks omitted).

### D. Rule 41

"Under Rule 41 of the Federal Rules of Civil Procedure, the Court has the discretion to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action."); *see also Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) ("It is beyond dispute that a district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial."). "[A] district court has the power to dismiss an action for failure to prosecute and . . . such a dismissal will be reviewed only for abuse of discretion." *Nita v. Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Dismissal for

7

failure to prosecute "is a harsh remedy that should be utilized only in extreme situations." *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (internal quotation marks omitted); *see also Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) ("[A] pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001))).

## III. DISCUSSION

Mr. Clinton has moved to strike Defendants' motion to dismiss, Mot. to Strike, and has filed a motion to submit evidence, Mot. to Submit. Defendants have moved for default judgment for failure to pay a surety bond. Mot. for Default. The Court will address each of these motions in turn.

### A. The Motion to Strike

Rule 12(f) "[m]otions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." *Kralik*, 226 F.R.D. at 177. Defendants have moved to dismiss Mr. Clinton's Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot. to Dismiss at 1. In response, Mr. Clinton has filed a motion to strike the motion to dismiss by arguing that "the grounds that defense for the defendants prepared by counsel are [] immaterial, impertinent, and [] of scandalous matter." Mot. to Strike at 1. Mr. Clinton argues that Defendants have stated that he "identifies himself as a sover[e]ign," and that such an allegation is "a baseless and unfounded claim." *Id.* Mr. Clinton also argues that Defendants "indirectly assert[] that venue is improper," *id.*, and "fail[] to answer the subject matter of the [Amended] [C]omplaint," *id.* at 2.

Defendants argue that "the motion and the supporting memorandum of law do not allege that the Plaintiff is a sovereign citizen nor that venue is improper." Opp'n Strike at 3. Defendants

8

also argue that "Plaintiff's disagreement with Defendants' motion to dismiss does not provide a basis to strike it." *Id.* According to Defendants, the use of a motion to strike in response to their motion to dismiss is improper because, their "motion . . . is not a pleading," as "[p]leadings only include [a] complaint, third-party complaint; answer to complaint, counterclaim, crossclaim, or third-party complaint; and a reply to an answer, if ordered by the court." *Id.* at 4 (emphasis omitted) (citing Fed. R. Civ. P. 7(a)).

The Court agrees.

First, "Rule 12(f) allows a court to strike pleadings only." *Britt v. Elm City Communities*, No. 3:17-CV-02159 (JCH), 2018 WL 3574866, at *2 (D. Conn. July 24, 2018) (quoting *McKinney v. Dzurenda*, No. 3:10-CV-880 AVC, 2013 WL 1296468, at *1 (D. Conn. Mar. 27, 2013). A motion is not a pleading. *See* Fed. R. Civ. P. 7(a) (limiting the pleadings allowed in federal court to complaints, answers, and replies to an answer, if ordered by the court); *Britt*, 2018 WL 3574866 at *2 ("Objections to motions are not pleadings."); see *also* Fed. R. Civ. P. 7(b) (providing separately for motions). Second, even if a motion to strike was appropriate, and it is not, under Rule 12(f), "[t]he party moving to strike bears a heavy burden," *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 16 (D. Conn. 2013), and Mr. Clinton's disagreement with Defendants' arguments regarding his Amended Complaint does not, and cannot, support a reason to "strike" the motion to dismiss. *See Britt*, 2018 WL 3574866, at *2 ("Even if Rule 12(f) did not make the Motion to Strike inappropriate, the court would deny the Motion to Strike for another reason: there is nothing in [the defendant's] [o]bjection for which there is any grounds to strike."); *see also Fequiere v. Tribeca Lending*, No. 14-CV-0812 (RRM) (LB), 2015 WL 1412580, at *2 (E.D.N.Y. Mar. 20, 2015) ("[S]imply disagreeing with a statement in [Defendant's] answer is not a proper basis for striking the answer.").

9

Accordingly, Mr. Clinton's motion to strike Defendants' motion to dismiss will be denied.

### B. The Motion for Evidence

The "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *McNiece v. Connecticut*, No. 3:15-CV-1036 (MPS), 2016 WL 1118249, at *3 (D. Conn. Mar. 22, 2016), *aff'd*, 692 F. App'x 655 (2d Cir. 2017) (quoting *Luckkett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)). "The court may 'resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings.'" *Norman v. City of N.Y.*, No. 20-CV-5560 (VSB), 2020 WL 7496292, at *2 (S.D.N.Y. Dec. 20, 2020) (slip op.) (quoting *Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

Mr. Clinton argues that he was "only recently able to obtain . . . copies of both audio and video evidence" that allegedly "clearly and unequivocally demonstrate that the defendants . . . denied [him] of his First Amendment right [] [to] freedom of the press[.]" Mot. to Submit at 1. Mr. Clinton also argues that this evidence shows Defendants "incorrectly [claim] as a matter of law that the State of Connecticut Department of Correction policies, procedures and administrative directives trump[] and supersede both the United States Constitution and the Constitution of the State of Connecticut." *Id.* Mr. Clinton requests that the Court submit the records into evidence. *See id.* at 2.

Defendants argue that "[a] motion to dismiss pursuant to Rule 12(b)(6) tests the adequacy of the complaint, and whether, based on the pleading, the plaintiff can prove a set of facts that would entitle her to relief." Opp'n Evid. at 3 (emphasis omitted) (citing *Twombly*, 550 U.S. at 570; *N.J. Carpenters Health Fund v. Royal Bank of Scotland*, 709 F.3d 109, 120 (2d Cir. 2013)).

10

They argue that Mr. Clinton's "motion [to submit evidence] is not appropriate under the Federal Rules," *id.*, and a "motion to dismiss is based on the allegations of the Amended Complaint, [and therefore] there is no basis for the Plaintiff to submit evidence," *id.* at 4. According to Defendants, "[i]f [Mr. Clinton] is concerned that the allegations of the Complaint are insufficient to survive the motion to dismiss, he may move for permission to amend the Amended Complaint." *Id.*

The Court agrees, in part.

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), all factual allegations in the complaint are taken as true, *Iqbal*, 556 U.S. at 678, and all inferences are drawn in the plaintiff's favor. *Cohen*, 711 F.3d at 359. While Mr. Clinton's motion to submit evidence is not an appropriate response to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Defendants also have moved to dismiss the Amended Complaint under Rule 12(b)(1). *See* Mot. to Dismiss at 1. While similar, the legal standard for a motion under Rule 12(b)(1) is not the same as that for a motion under Rule 12(b)(6). *See Loc. 348-S, UFCW v. Concord Elecs., Corp.*, No. CV-07-4565 (SJF)(VVP), 2008 WL 11439383, at *2 (E.D.N.Y. Sept. 30, 2008), *report and recommendation adopted*, No. CV-07-4565 (SJF)(VVP), 2008 WL 11439384 (E.D.N.Y. Oct. 28, 2008) ("The standards for deciding motions under Rule 12(b)(1) and Rule 12(b)(6), although similar, differ from one another in some important respects."). "In deciding motions under Rule 12(b)(6), the court ordinarily limits itself to a consideration of the complaint and any written instrument attached to it or incorporated by reference." *Id.* at *2. When deciding motions under Rule 12(b)(1),

> where subject matter jurisdiction is the issue, the court does not construe inferences drawn from the allegations of the complaint in favor of the plaintiff. Jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences

11

> favorable to the party asserting it. Thus, the court may examine
> evidence outside the pleadings to determine whether subject matter
> jurisdiction exists and is not required to treat the factual assertions
> in the complaint as established facts.

*Id.* (internal alteration, quotation marks, and citations omitted) (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)).

"At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice to bear the burden of proof of establishing standing." *McNiece*, 2016 WL 1118249, at *7 (internal quotation marks omitted) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). However, when "deciding a Rule 12(b)(1) motion, the court may also rely on evidence outside the complaint." *Id.* (quoting *Cortlandt St. Recovery Corp. v. Hellas Telecommunications I, S.àr.l*, 790 F.3d 411, 417 (2d Cir. 2015)). Thus, to the extent the alleged incidents Mr. Clinton has described led to this lawsuit, the availability of additional evidence to adjudicate Defendants' arguments under Rule 12(b)(1) is possible and can be permitted as a matter of law. But there is nothing in Mr. Clinton's proposed evidence – copies of both audio and video tapes – that will affect the Court's decision on whether it has jurisdiction over his claim. *See* Norman, 2020 WL 7496292, at *3 (S.D.N.Y. Dec. 20, 2020) (denying Plaintiff's motion to submit evidence, in part because "Plaintiff's proposed submissions d[id] not impact [the Court's] consideration of and decision regarding the [] Defendants' motions to dismiss" but only after noting that "most of [the proposed evidence] was already included in Plaintiff's original Complaint," Plaintiff's "motion for relief d[id] not request leave to submit any additional factual evidence, and "Plaintiff was already allowed to amend his Complaint once, with notice that it was unlikely that he would have further opportunity to amend"). Indeed, the motion itself suggests that the evidence instead relates to the lawsuit's underlying merits, an issue for the discovery phase of this case, not a jurisdictional issue. *See* Mot. to Submit at 1 ("copies of both

audio and video evidence" allegedly "clearly and unequivocally demonstrate that the defendants . . . denied [him] of his First Amendment right [] [to] freedom of the press[.]").

Accordingly, Mr. Clinton's motion to submit evidence is **DENIED** without prejudice to renewal at a later stage of the litigation, if appropriate.

### C. The Motion for Default

In considering a Rule 41(b) dismissal, a district court must weigh five factors:

> (1) [T]he duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). The Second Circuit has repeatedly voiced its preference for adjudicating disputes on their merits, and its disfavor for default judgments. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 2003) ("The circumscribed scope of the district court's discretion in the context of a default is a reflection of our oft-stated preference for resolving disputes on the merits."); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (per curiam) (noting that the disposition of a case by default is an "extreme sanction" that "must remain a weapon of last, rather than first, resort").

Local Rule 83.3 entitles a defendant "to an order . . . for a cash deposit or bond with recognized corporate surety in the sum of $500.00 as security for costs . . . ." *Santora v. All About You Home Care Collaborative Health Care Serv, LLC*, No. 3:09-CV-00339 (DJS), 2010 WL 4942665, at *3 (D. Conn. Nov. 23, 2010) (quoting D. Conn. L. Civ. R. 83.3(a)). The Second Circuit has explained that "[t]he primary purpose of a bond requirement . . . is 'to insure that whatever assets a party does possess will not have been dissipated or otherwise have become

unreachable by the time such costs actually are awarded.'" *Id.* (quoting *Selletti v. Carey*, 173 F.3d 104, 112 (2d Cir. 1999)).

Defendants have filed a motion for default under Federal Rule of Civil Procedure 41(b) and Local Rule 83.3 for Mr. Clinton's alleged "fail[ure] to comply with this Court's order to post security for costs." Mot. for Default at 1. Since the filing of this motion, Mr. Clinton has paid the full $500.00 for security costs. *See* Compliance Notice. Consequently, this motion is no longer relevant and further action is unnecessary. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

Accordingly, the Court will deny as moot the motion for default judgment for failure to post security costs.

## IV. CONCLUSION

For the reasons stated above, Mr. Clinton's motion to strike Defendants' motion to dismiss is **DENIED**; Mr. Clinton's motion to submit evidence is **DENIED** without prejudice to renewal at a later stage of the litigation, if appropriate; and Defendants' motion for default judgment is **DENIED as moot**. The Court will address Defendants' pending motion to dismiss in a separate opinion.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of June, 2021.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE